UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

MAX CALVO,                              )
                                        )
            Plaintiff,                  )        Case  No. EDCV16-00730 AJW
                                        )
      v.                                )        MEMORANDUM OF DECISION
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of  Social Security,       )
                                        )
            Defendant.                  )
_____ )

    Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

    The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2-4].  In a December 12, 2014 written hearing decision that constitutes the Commissioner's final decision in this matter, the ALJ found that plaintiff had the following severe impairments: pancreatitis, history of right carpal tunnel release, hiatal hernia, gastroesophageal reflux disease, anxiety, and a history of alcohol abuse in remission. [Administrative Record "AR" 18]. The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform work "at all exertional levels but with the following

1 nonexertional limitations:  the claimant can perform simple repetitive tasks with no public contact; and he

2 can occasionally interact with supervisors and coworkers." [AR 19].  The ALJ concluded that plaintiff was

3 not disabled at any time since the date he filed his SSI application because his RFC did not preclude him

4 from performing his past relevant work as a lubrication technician and house sitter. [Administrative Record

5 ("AR") 16-24].

6 **Standard of Review**

7       The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

8 evidence or is based on legal error.  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas

9 v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than a mere scintilla,

10 but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  "It is such

11 relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v.

12 Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to

13 review the record as a whole and to consider evidence detracting from the decision as well as evidence

14 supporting the decision.  Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v.

15 Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999).  "Where the evidence is susceptible to more than one rational

16 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas v.

17 Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595,

18 599 (9th Cir. 1999)).

19 **Discussion**

20       Plaintiff contends that the ALJ erred in rejecting the opinion of his treating psychologist, Dr. Trisha

21 Rich-Thurm. [See JS 2-4].

22       In March 2014, Dr. Rich-Thurm prepared a medical source statement of plaintiff's ability to perform

23 work-related mental functional abilities. [AR 350-352].  Dr. Rich-Thurm wrote that she started seeing

24 plaintiff in November 2013, and that plaintiff's "impairments, symptoms and limitations" had lasted

25 December 31, 2011. [AR 350].  Dr. Rich-Thurm checked boxes indicating that plaintiff had impairments

26 that would preclude him from performing the rated mental functional abilities from between five percent

27 and 15 percent of an eight-hour workday (that is, from between 12 minutes and 72 minutes in a workday).

28 [AR 350-351]. She also stated that plaintiff's impairments or treatment would cause him or her to be absent

from work more than three days a week, and that his combined limitations would cause him to be "off task" 30% or more of the time during a normal work week. Dr. Rich-Thurm commented that plaintiff's "anxiety and panic impact his daily functioning and physical health. [Plaintiff] requires further treatment to resolve issues and reduce symptoms." [AR 352].

The ALJ summarized Dr. Rich-Thurm's March 2014 assessment and treatment records. [AR 21]. He noted that plaintiff saw Dr. Rich-Thurm six times between November 2013 and April 2014 but also missed six scheduled sessions during that period. [AR 21, 352-370]. Plaintiff complained primarily of panic, severe anxiety, fear of leaving his house, fear of social settings, and inability to work. [AR 21, 354, 367]. In her March 11, 2014 progress note, Dr. Rich-Thurm reported that plaintiff "attend[ed] the session briefly but then shared that due to extreme anxiety he would have to leave." [AR 21, 357]. Dr. Rich-Thurm's March 21, 2014 progress report states that plaintiff "is trying to manage his anxiety and hopes to be able to seek employment soon," and that his relationship with his girlfriend was "rocky." [AR 360]. Plaintiff "appeared anxious in session[,] sweating, wringing his hands, and fidgeting in his seat. [AR 21, 360].

The ALJ gave "some weight" to Dr. Rich-Thurm's opinion. The ALJ explained that the record contained only "very mild clinical findings" consisting of Dr. Rich-Thurm's observations of sweating, hand-wringing, fidgeting during one sessions and his early departure from another session due to extreme anxiety. [AR 22]. The ALJ found Dr. Rich-Thurm's opinion "somewhat consistent" with plaintiff's testimony but also found that plaintiff made inconsistent statements that undermined the credibility of his subjective symptoms of anxiety and social isolation. [AR 20, 22]. In particular, the ALJ noted although plaintiff testified that he was socially isolated, that social anxiety prevented him from working, and that he stopped working in 2006, he told the consultative examining internist that he had worked for about a year as a manager at his mother's smoke shop, leaving that job in December 2012, six years after the date he testified that he had last worked and a year after his alleged onset of disability in December 2011. [AR 20, 31-35, 323]. The ALJ also pointed to inconsistency between plaintiff's testimony that he was socially isolated and his statements that he lived with his mother and sister, spent time with his niece, had a

1    girlfriend, and had a friend who drove him to the hearing.[1] [See AR 20, 31-35, 323-324,  360, 367-369].

2         A treating physician's opinion is not binding on the Commissioner with respect to the existence of

3    an impairment or the ultimate issue of disability.  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.

4    2001). The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record,

5    for rejecting an uncontroverted treating source opinion. If contradicted by that of another doctor, a treating

6    or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial

7    evidence in the record.  Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004);

8    Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831

9    (9th Cir. 1995).

10        Plaintiff contends that Dr. Rich-Thurm's opinion was uncontroverted, and that the ALJ failed to

11   articulate clear and convincing reasons for rejecting it.    [JS 2-4].  Defendant contends that Dr. Rich-

12   Thurm's opinion is not uncontroverted because the record contains conflicting mental health treatment

13   records from Palmdale Regional Medical Center ("PRMC") from May 2012 through July 2012 showing

14   normal neurological and psychiatric findings, and that the ALJ offered specific, legitimate reasons for

15   rejecting Dr. Rich-Thurm's opinion. [JS 6-8; AR  222, 237, 248, 250].

16        The ALJ did not mention or rely on the mental status findings in PRMC records, but it is

17   unnecessary to consider whether those findings are sufficient to controvert Dr. Rich-Thurm's opinion

18   because the ALJ gave clear and convincing reasons for rejecting that opinion.  Dr. Rich-Thurm did not

19   provide any clinical or objective findings to support her conclusory March 2014 disability opinion. [See AR

20   350352]. The ALJ looked to Dr. Rich-Thurm's treatment notes for clinical or objective evidence supporting

21   her opinion but found only one instance of clinical observations of plaintiff's sweating, hand-wringing, and

22   fidgeting. [AR 20-22, 352-370]. Dr. Rich-Thurm's treatment notes do not include a clinical history, mental

23   status examination findings, or other objecitve or clinical evidence that reasonably supports her opinion that

24

25        [1]    Plaintiff does not challenge the ALJ's credibility determination, which was permissible and
26   supported by the record.  See Bray v. Comm'r of Social Sec. Admin., 554 F.3d 1219, 1221, 1227
     (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between
27   the claimant's testimony and his or her conduct, daily activities, and work record, among other
     factors."); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (enumerating factors that
28   may be considered in evaluating the credibility of a claimant's subjective complaints).

plaintiff had across-the-board impairments in his work-related mental functional abilities that would cause him to be "off task" 30% of a normal work week and would result in more than three work absences a month.  Furthermore, as noted above, the ALJ permissibly discounted plaintiff's subjective complaints of disabling anxiety and social isolation.  See Turner v. Comm'r of Social Sec., 613 F.3d 1217, 1223 (9th Cir. 2010) (holding that the ALJ reasonably rejected a treating physician's disability opinion that was based on the claimant's self-reporting rather than on any "independent analysis or diagnosis" and cited no "objective findings to substantiate" his opinion, and noting that although the ALJ rejected that doctor's disability opinion, the ALJ incorporated limitations in the RFC assessment that were "entirely consistent with [the treating doctor's] findings"); Morgan, 169 F.3d at 602 ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting Fair, 885 F.2d at 605); Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433-34 (9th Cir. 1988) (per curiam) (stating that medical conclusions are entitled to less weight to the extent that they rely on the claimant's properly discounted subjective history).

Accordingly, the ALJ did not err in weighing Dr. Rich-Thurm's opinion, and the ALJ's RFC finding limiting plaintiff to simple, repetitive tasks with no public contact and occasional interaction with supervisors and coworkers is supported by substantial evidence in the record.

### Conclusion

For the reasons described above, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

February 9, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge